# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| QUALPAY INC., a Delaware corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>SOLID BUSINESS SOLUTIONS, LLC, a Utah limited liability company, and JACOB COLVIN, an individual,<br><br>      Defendants and Third-Party Plaintiffs,<br><br>vs.<br><br>JS & JL HOLDINGS, LLC D/B/A CHARGEBACK DEFENSE SOLUTIONS, a Utah limited liability company,<br><br>      Third-Party Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING AND DENYING IN PART AMENDED MOTION FOR LEAVE TO AMEND ANSWER**<br><br>Case No. 2:17-cv-00753-TC-BCW<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

Defendants and Third-Party Plaintiffs Solid Business Solutions, LLC and Jacob Colvin (collectively SBS) filed their Amended Motion for Leave to Amend Answer (Motion) seeking permission under Rule 15(a) of the Federal Rules of Civil Procedure to amend their answer to assert counterclaims against Plaintiff Qualpay, Inc. (Qualpay).[1] Qualpay opposed the motion.[2] This matter was referred to Magistrate Judge Brooke C. Wells by District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A).[3] The court has carefully reviewed the memoranda

---

[1] ECF No. 28.

[2] ECF No. 31.

[3] ECF No. 29.

submitted by the parties. Pursuant to DUCivR 7-1(f), this court has determined oral argument on the Motion is unnecessary and will determine the Motion on the basis of the written memoranda.

## I.    Amended Motion for Leave to Amend Answer

SBS seeks leave of the court under Rule 15 to file an amended answer. It appears SBS seeks to amend its answer to add claims of unjust enrichment and tortious interference. According to the Scheduling Order, the last day to file a motion to amend pleadings is January 26, 2018, and the close of fact discovery is May 25, 2018.[4] The Motion at issue was filed on January 23, 2018, thus under the time frame in the Scheduling Order the Motion was timely.

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "The district court has 'wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation.'"[5] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[6] The court will address the relevant factors below.

### a.    Unjust Enrichment

As stated above, a court "may refuse to allow amendment if it would be futile."[7] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[8] To

---

[4] ECF No. 21 at 2.

[5] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (*quoting Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)).

[6] *Id.* (*quoting Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[7] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9]

"[A] prerequisite for recovery on an unjust enrichment theory is the absence of an enforceable contract governing the rights and obligations of the parties relating to the conduct at issue."[10] Thus, "[i]f a legal remedy is available, such as a breach of an express contract, the law will not imply the equitable remedy of unjust enrichment."[11]

Here, in both the Motion and proposed counterclaim, SBS expressly admits the existence of a contract between the parties. The Motion asserts "[t]he parties in this matter began a business relationship in October 2016 when Qualpay entered into an agreement . . . with SBS that required Qualpay to process payments made by SBS clients to SBS."[12] The proposed counterclaim further alleges that "SBS and Qualpay entered into an agreement on October 13, 2016" pursuant to which "SBS was responsible for any expenses incurred by Qualpay caused by chargebacks initiated by SBS clients."[13] Given this admission by SBS, and that the agreement governs the rights, obligations and remedies of the parties, SBS is barred from asserting a claim for unjust enrichment. Because this proposed amendment is thus futile, the court DENIES SBS's Motion to amend its answer to assert a counterclaim for unjust enrichment.

---

[8] *Id.* (*quoting Bradley v. J.E. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Ashby v. Ashby*, 227 P.3d 246, 250 (Utah 2010) (quoting another source).

[11] *Am. Towers Owners Ass'n, Inc. v. CCL Mech., Inc.*, 930 P.2d 1182, 1193 (Utah 1996); *see also Wood v. Utah Farm Bureau Ins. Co.*, 19 P.3d 392, 396 (Utah 2001) (dismissing unjust enrichment claim where express contract existed).

[12] ECF No. 28 at 2.

[13] ECF No. 28-1 at 10.

### b. Tortious Interference

To establish the tort of intentional interference with economic relations, or tortious interference, a plaintiff must prove the following elements: "(1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations (2) for an improper purpose or by improper means, (3) causing injury to the plaintiff."[14] As discussed above, it is undisputed by the parties there was a contractual relationship between SBS and Qualpay; thus the first prong is satisfied. Next, the court must determine if SBS has satisfied the prong of improper purpose or improper means. "Improper purpose is established by a showing that the actor's predominant purpose was to injure the plaintiff."[15]

In its proposed amended counterclaim, SBS alleges (1) Qualpay threatened to rescind the agreement unless it entered into a separate contract with Chargeback Defense Solutions (Chargeback); (2) that based on the threats it entered into a contract with Chargeback wherein Chargeback represented to fight 100% of the chargebacks; (3) Qualpay directed Chargeback not to oppose chargebacks; (4) Qualpay directed Chargeback to take funds from SBB's checking account and deposits without SBS's approval; (5) after being confronted by SBS, Chargeback admitted Qualpay directed Chargeback to hide chargeback alerts and to take funds; (6) Qualpay has not withdrawn money from the Reserve Account containing over $49,000.00, but instead brought this actions against SBS; and (7) as a result SBS has lost thousands of dollars in revenue and allegedly become liable to Qualpay due to the chargebacks.[16] When viewed in conjunction,

---

[14] *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 200 (Utah 1991) (*citing Leigh Furniture & Carpet Co. v. Isom*, 657 P.2d 293, 302 (Utah 1982)).

[15] *Id*. at 201 (*citing Leigh Furniture,* 657 P.2d at 307).

[16] *See* ECF No. 28-1 at ¶¶ 14-46.

all of these allegations seem to imply Qualpay's desire to harm SBS predominated over

legitimate economic relations.  Thus, the improper purpose prong is met here. Finally, SBS has

alleged injury; thus the third prong is met.

Qualpay argues the court should deny SBS's motion because the "improper means"

prong has not been met.  But "[i]mproper means is an alternative to improper purpose under the

second prong of the *Leigh Furniture* test."[17]  Finally, Qualpay argues the court should deny

SBS's request to add a counterclaim of tortious interference on grounds of prejudice.

It is true that an "important factor in deciding a motion to amend the pleadings, is

whether the amendment would prejudice the nonmoving party."[18]  Prejudice is most often found

"when the amended claims arise out of a subject matter different from what was set forth in the

complaint and raise significant new factual issues."[19]  Here, that would not be the case.

Qualpay's issue with the amendment is the fact that although fact discovery does not end until

May 25, 2018, it has already served all of its ten discovery requests.  This is a valid point.  It

appears SBS has known of the underlying facts and claims for some time, yet there is no

explanation in the papers for the timing of the proposed amendment, although it is timely under

the Scheduling Order.  Accordingly, the court under Rules 16 and 26 will amend the scheduling

order, and allow all parties 10 additional interrogatories, admissions and document request as to

the tortious interference claim, and move the date to serve written discovery by twenty-one days

from the date of this order to May 4, 2018.  This will ensure all parties will be able to conduct

fair and open discovery regarding SBS's tortious interference counterclaim.  With these

---

[17] *St. Benedicts*, 811 P.2d at 201.

[18] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

[19] *Id*. at 1208.

modifications to the scheduling order, the court GRANTS the request to add a counterclaim for tortious interference.

**ORDER**

Based on the foregoing, this court hereby DENIES, in part and GRANTS in part, SBS's Amended Motion for Leave to Amend Answer.

DATED this 13th day of April, 2018.

Brooke C. Wells
United States Magistrate Judge