IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| QUALPAY INC., a Delaware corporation,<br><br>      Plaintiff,<br>vs.<br><br>SOLID BUSINESS SOLUTIONS, LLC, a Utah limited liability company, and JACOB COLVIN, an individual,<br><br>      Defendants and Third-Party Plaintiffs,<br><br>vs.<br><br>JS & JL HOLDINGS, LLC D/B/A CHARGEBACK DEFENSE SOLUTIONS, a Utah limited liability company,<br><br>      Third-Party Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S EXPEDITED MOTION TO RECONSIDER**<br><br>Case No. 2:17-cv-00753-TC-BCW<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

      Plaintiff Qualpay, Inc. (Qualpay) asks the court to reconsider its *Memorandum Decision and Order Granting and Denying in Part Amended Motion for Leave to Amend Answer* (the Order)[1] and deny Defendants' Solid Business Solution and Jacob Colvin (collectively SBS) *Motion for Leave to Amend Answer*[2] in full. This matter was referred to Magistrate Judge Brooke C. Wells by District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A).[3] The court has carefully reviewed the memoranda submitted by the parties. Given Qualpay's expedited request, the court determined the request on the basis of the written memoranda. The

---

[1] ECF No. 33.

[2] ECF No. 26.

[3] ECF No. 29.

court acknowledges the Order relied on recently overturned Utah case law and did not consider the decision of *Eldridge v. Johndrow*.[4] Re-analyzing the facts and law in this case, the court now denies in full SBS's *Motion for Leave to Amend Answer* for the reasons set forth below.

## STANDARD OF REVIEW

The Tenth Circuit recognizes three grounds that warrant a motion to reconsider: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[5] Thus, "a motion for reconsideration is appropriate where the court has misapprehended the . . . controlling law."[6]

## BACKGROUND

SBS sought leave of the court under Rule 15 to amend its answer to assert the counterclaims of unjust enrichment and tortious interference. Qualpay opposed the motion on the basis that the unjust enrichment claim was barred by the undisputed existence of a contract between Qualpay and SBS, and that SBS failed to adequately allege wrongful means in support of its intentional interference claim. The court denied the Motion to Amend with respect to the unjust enrichment claim finding it was barred by the existence of an enforceable contract between the parties.[7] With respect to the tortious interference claim, the court found SBS had alleged enough facts to establish improper purpose, and did not address the improper means

---

[4] 2015 UT 21, 345 P.3d 553.

[5] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (quoting *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[6] *Id.*

[7] *See* ECF No. 33 at 3.

prong. In fact, citing *Leigh Furniture & Carpet Co. v. Isom*,[8] the court found improper means "is an alternative to improper purpose under the second prong of the *Leigh Furniture* test."[9]

In its request to reconsider, Qualpay correctly points out to the court that it applied recently overturned case law by the Utah Supreme Court in determining the tortious interference claim. In *Eldridge v. Johndrow*,[10] the Utah Supreme Court rejected the improper-purpose rule, holding that "a claim for tortious interference may only succeed where the defendant has employed an improper means."[11] Disavowing dicta in *Leigh Furniture*, the Utah Supreme Court held that to prevail under a tortious interference claim under Utah law, a plaintiff must now prove the following elements: "(1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) …by improper means, (3) causing injury to the plaintiff."[12]

### a. Proposed First Amended Answer and Counterclaim

In its proposed counterclaim, SBS makes the following allegations:

- in November 2016, Qualpay threatened to rescind their agreement unless SBS entered into a separate contract with Chargeback Defense Solutions (Chargeback)[13]

- based on Qualpay's threats, SBS entered into an agreement with Chargeback in December 2016, wherein Chargeback represented it would fight back chargebacks they were confident they would win[14]

---

[8] 657 P.2d 293, 302 (Utah 1982).

[9] ECF No. 33 at 5.

[10] 2015 UT 21, 345 P.3d 553.

[11] *Id.* at ¶14.

[12] *Id.* at ¶70 (citing *Leigh Furniture*, 657 P.2d at 304).

[13] *See* ECF No. 28-1 at ¶14.

[14] *Id.* at ¶¶16-17.

- Qualpay knew about the agreement between SBS and Chargeback, as it had compelled SBS to enter the agreement[15]

- Qualpay directed Chargeback not to oppose chargebacks[16]

- on information and belief, Qualpay used improper means, including but not limited to coercion, inducement, collusion, bribery, persuasion, requirement and/or directive, to compel Chargeback not to oppose the chargebacks pursuant to the agreement with SBS[17]

- Chargeback opted not to defend almost all chargebacks[18]

- on a specific instance, Qualpay directed Chargeback to fraudulently and deceitfully conceal alerts for several chargebacks from SBS, including taking funds from SBS's checking account to conceal these facts[19]

- when confronted by SBS, Chargeback admitted that Cliff at Qualpay directed Jeremiah at Chargeback to hide alerts and take funds from SBS fraudulently[20]

- Qualpay and Chargeback conspired and defrauded SBS, and their actions resulted in lost revenues and profits for SBS, including SBS becoming liable to Qualpay for losses suffered by Qualpay due to the chargebacks[21]

## ANALYSIS

To establish a claim of tortious interference with existing or prospective economic relations, a plaintiff must allege conduct on the part of the defendant that "'intentionally and improperly interferes with the performance of a contract . . . between another and a third person by inducing or otherwise causing the third person not to perform the contract.'"[22] In fact, "[i]t is

---

[15] *Id*. at ¶41.

[16] *Id*. at ¶20.

[17] *Id*. at ¶42.

[18] *Id*. at ¶19.

[19] *Id*. at ¶¶22-3.

[20] *Id*. at ¶ 24.

[21] *Id*. at ¶¶34, 44.

[22] *Leigh Furniture*, 657 P.2d at 301 (quoting Restatement (Second) of Torts § 766 (1979)).

settled that one party to a contract cannot be liable for the tort of interference with contract for inducing breach by himself or the other contracting party."[23] As discussed above, the elements of a tortious interference claim are as follows: "(1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) …by improper means, (3) causing injury to the plaintiff."[24]

The improper means prong "is satisfied where the means used to interfere with a party's economic relations are contrary to law, such as violations of statutes, regulations, or recognized common-law rules."[25] "Commonly included among improper means are violence, threats, or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood." [26] "Means may also be improper or wrongful because they violate 'an established standard of trade or profession.'"[27]

Qualpay argues SBS failed to allege improper means on two grounds. First because SBS did not plead any facts alleging Qualpay violated any statute, regulation, or recognized common-law rules. The court does not believe Utah law stands for such a narrow requirement. In fact, both *Leigh Furniture* and *St. Benedict's Development Co v. St. Benedict's Hosp*.,[28] use the term "such as" before the phrase "violations of statutes, regulations, or recognized common-law rules;" inferring that this list is not all inclusive. Likewise, the Utah Supreme Court further

---

[23] *Id.*

[24] *Eldridge*, 2015 UT 21, at ¶70, 345 P.3d 553.

[25] *Leigh Furniture*, 657 P.2d at 308.

[26] *Id*.

[27] *Id*.

[28] 811 P.2d 194, 201 (UT 1991).

5

explained that improper mean may include "violence, threats, or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood."[29] Thus, SBS's failure to allege violations of common-law rules, statutes or regulations is not dispositive.

Citing *Ashcroft v. Iqbal*,[30] Qualpay also argues SBS's motion to amend should be denied because the allegations in the proposed counterclaim are a conclusory list of "generic bad acts, devoid of any supporting factual allegations"[31] approaching "improper means." Under Federal Rule of Civil Procedure 15(a), a court should allow a party to amend its pleadings "when justice so requires."[32] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[33]

A court reviewing the sufficiency of a complaint or counterclaim presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff.[34] "Notwithstanding, the court need not accept conclusory allegations without supporting factual averments."[35] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[36] Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

---

[29] *Leigh Furniture*, 657 P.2d at 308.
[30] 556 U.S. 662, 678 (2009).
[31] ECF No. 34 at 6.
[32] Fed.R.Civ.P. 15(a).
[33] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).
[34] *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991).
[35] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).
[36] *Iqbal*, 556 U.S. at 678.

do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[37]

The first prong of a tortious interference claim is that "defendant intentionally interfered with the plaintiff's existing or potential economic relations."[38] Here, SBS has alleged in the proposed counterclaim that Qualpay knew about the contract between SBS and Chargeback, and that Qualpay intentionally interfered with SBS's contractual relations with Chargeback. This is enough to meet the first prong of the tortious interference claim.

The second prong of a tortious interference claim is improper means. Improper means may be established through "violence, threats, intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood."[39] SBS claims Qualpay used improper means through "coercion, inducement, collusion, bribery, persuasion, requirement and/or directive" to compel and/or intimidate Chargeback not to oppose chargebacks. These allegations however are a "mere formulaic recitation" of the elements of improper purpose.[40] There is only one factual assertion in the proposed counterclaim that supports Qualpay's alleged "wrongdoing;" the assertion that Chargeback admitted Qualpay directed Jeremiah at Chargebak to hide alerts and take funds. But the proposed counterclaim is devoid of any further factual enhancement. In fact, there are no factual assertions to support coercion, inducement, bribery or persuasion, or any other wrongful act as part of the purported inducement. Under these circumstances, one single averment, without any more, is not enough to establish improper

---

[37] *Id.* (quotation omitted).

[38] *Eldridge*, 2015 UT 21, at ¶ 70, 345 P.3d 553.

[39] *Leigh Furniture*, 657 P.2d at 308.

[40] *Iqbal*, 556 U.S. at 678 (quotation omitted).

means. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"[41] Finally, because "inducing a party to breach an agreement is captured in the tortious interference claim itself, it would be circular to allow [the inducement] to satisfy the improper means element of the claim."[42] Accordingly, because SBS's proposed counterclaim would be subject to dismissal, its motion to amend as to the tortious interference claim should also have been denied.[43]

## ORDER

Based on the foregoing, this court hereby GRANTS *Plaintiff Qualpay Inc.'s Expedited Motion to Reconsider Memorandum Decision and Order Granting and Denying in Part Amended Motion for Leave to Amend Answer* [ECF No. 34]. Accordingly, SBS's *Amended Motion for Leave to Amend Answer* [ECF No. 28] is DENIED IN FULL, not in part.

DATED this 26th day of April, 2018.

Brooke C. Wells
United States Magistrate Judge

---

[41] *Iqbal*, 556 U.S. at 678 (quotation omitted).

[42] *First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, 2:15-cv-229-DN, 2016 WL 1816275, at *1 (D. Utah Nov. 27, 2016) (unpublished) (footnote omitted).

[43] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (Futility is an appropriate ground for denial of leave to amend under Rule 15.).